**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-7741**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL DOMINGO SANTANA, a/k/a Manny Santana,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema, District
Judge. (CR-04-39-1-LMB; CA-05-463)

———————

Submitted: January 23, 2008        Decided: February 4, 2008

———————

Before MOTZ and SHEDD, Circuit Judges, and WILKINS, Senior Circuit
Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Manuel Domingo Santana, Appellant Pro Se. Kelli Marie Ferry, James
Ryan, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Domingo Santana pled guilty to conspiracy to distribute MDMA "Ecstacy" and was sentenced on May 18, 2004, to 108 months of imprisonment. He did not file a direct appeal. In April 2005, Santana filed a 28 U.S.C. § 2255 (2000) motion, alleging ineffective assistance of counsel and that his sentence was erroneous in light of United States v. Booker, 543 U.S. 220 (2005). The district court denied relief on Santana's Booker claim and ordered the Government to respond to Santana's claim of ineffective assistance on the ground that defense counsel failed to file a notice of appeal as requested by the defendant. Noting that Santana had waived his right to appeal, the court concluded that Santana failed to request that counsel file a notice of appeal. The court made this factual finding on the basis of conflicting affidavits made by Santana and trial counsel.

We granted a certificate of appealability on the issue of whether Santana's trial counsel provided ineffective assistance by failing to file a notice of appeal as requested in violation of United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), and ordered additional briefing on this issue. See 4th Cir. R. 22(a). After reviewing the arguments and record on appeal, we vacate and remand for an evidentiary hearing on Santana's claim that trial counsel failed to file a notice of appeal as requested.

An attorney who fails to file an appeal after being instructed to do so by his client is per se ineffective. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); see also Peak, 992 F.2d at 42 (holding that criminal defense counsel's failure to file notice of appeal when requested to do so is per se ineffective assistance). This is true even if the defendant has waived his right to appeal. United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). "Under our approach, when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. Although it is not per se error for a district court to make credibility determinations on the basis of conflicting affidavits, see, e.g., Strong v. Johnson, 495 F.3d 134, 139-40 (4th Cir. 2007), we conclude that in this case the record as to whether Santana requested an appeal is insufficiently clear to permit resolution of the issue without an evidentiary hearing.

Accordingly, we vacate and remand for an evidentiary hearing regarding this factual dispute. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                        VACATED AND REMANDED