**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-7298**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL SPEED,

Defendant - Appellant.

―――――――――

**No. 15-7375**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL SPEED,

Defendant - Appellant.

―――――――――

Appeals from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:10-cr-00700-JFM-1; 1:14-cv-00583-JFM)

―――――――――

Submitted:  November 19, 2015          Decided:  January 12, 2016

―――――――――

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

_____

Michael Speed, Appellant Pro Se.  Benjamin M. Block, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Michael Speed challenges the district court's orders denying relief in his federal postconviction proceeding. In Appeal No. 14-7298, Speed challenges the district court's order denying his 28 U.S.C. § 2255 (2012) motion. We initially remanded the case to the district court with instructions that it rule on what should have been construed as a Fed. R. Civ. P. 59(e) motion and dispose of Speed's two remaining ineffective assistance of counsel claims.[1] On remand, the district court denied Speed's Rule 59(e) motion, and the case has been returned to this court. Speed's appeal of the district court's order denying his Rule 59(e) motion was docketed as Appeal No. 15-7375.

On remand, the district court correctly docketed Speed's Rule 59(e) motion and directed the Government to respond to

---

[1] In his § 2255 motion, Speed asserted a claim that counsel provided ineffective assistance in failing to advise him of the possibility of pleading guilty without a plea agreement to the drug charge only, and failing to advise him of a potentially meritorious defense to the firearm charge. In his informal briefs in these appeals, Speed does not assert error in the district court's rejection of these claims, and they are therefore not preserved for review in this court. 4th Cir. R. 34(b) ("The Court will limit its review to the issues raised in the informal brief."). In his amended § 2255 motion, Speed claimed that counsel was ineffective in failing to timely file a notice of appeal of his criminal judgment despite being asked to do so ("appeal claim"), and in failing to investigate and develop a mental competency argument as a mitigating factor for sentencing. Those claims are preserved for appellate review.

Speed's two remaining habeas claims. In its response, the Government opposed both of Speed's remaining claims on their merits, but conceded that the appeal claim necessitated an evidentiary hearing. Thus, the Government requested that an evidentiary hearing be scheduled on this claim and that Speed be appointed counsel for the hearing.

Rather than schedule an evidentiary hearing on the appeal claim, however, the district court merely denied Speed's remaining § 2255 claims. With regard to Speed's appeal claim, the district court stated:

> I will assume (if for no other reason than that the plea letter contained a paragraph waiving defendant's right to appeal) that defendant was not advised by his counsel of the right to appeal. This assumption may or may not be correct. However, making the assumption will save the government the cost of returning defendant to Baltimore and will save significant time and expense of the parties.

An appeal may not be taken to this court from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional

4

claims is debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right.  Slack, 529 U.S. at 484-85.

Under this standard, the movant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 336 (internal quotation marks omitted).  Thus, "[t]he [certificate of appealability] determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Id.  In this regard, this court must "look to the District Court's application of [the Antiterrorism and Effective Death Penalty Act of 1996] to [the movant's] constitutional claims and ask whether that resolution was debatable amongst jurists of reason."  Id.  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."  Id.

5

We conclude that reasonable jurists could debate whether Speed's appeal claim should have been resolved in a different manner and that the issue presented is adequate to deserve encouragement to proceed further. First, it appears that the district court misconstrued Speed's claim. Although Speed asserted that counsel failed to timely appeal the criminal judgment against him despite being asked to do so, the district court characterized the claim as complaining of counsel's failure to advise Speed of his right to appeal. These claims are not the same.

And although the district court suggests that counsel committed no error because Speed's plea agreement contained an appellate waiver, this is incorrect. The Sixth Amendment obligates counsel to file a notice of appeal when a defendant requests him to do so. Strong v. Johnson, 495 F.3d 134, 138 (4th Cir. 2007). Even a waiver of appellate rights in the defendant's plea agreement does not absolve counsel of his duty to file a notice of appeal. United States v. Poindexter, 492 F.3d 263, 268-71 (4th Cir. 2007). Thus, counsel's failure to file a notice of appeal following a defendant's unequivocal and timely request constitutes objectively deficient performance, and prejudices the defendant because it deprives him of an appellate proceeding. Id. at 268-69.

Moreover, we find that the district court's language makes it unclear whether the district court meant to grant or deny Speed's appeal claim. First, although the district court's most recent order denies Speed's § 2255 claims, the district court appeared to assume counsel's ineffectiveness so as to save the parties the cost and time of an evidentiary hearing. If the district court meant to grant Speed's appeal claim, it failed to grant Speed appropriate relief - namely, reentering the criminal judgment against Speed to afford him an opportunity to file a timely criminal appeal. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). A review of the district court's docket confirms that the criminal judgment against Speed has not been reentered so as to commence Speed's criminal appeal period anew.

On the other hand, if the district court truly meant to deny Speed's appeal claim, it appears (based on the record as it currently exists) that the district court should have first conducted an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) ("Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief, [§ 2255] makes a hearing mandatory."); cf. Poindexter, 492 F.3d at 267 ("Because the district court did not hold an evidentiary hearing to resolve the question of whether [movant] unequivocally instructed his attorney to file a timely notice of appeal, we must assume that [movant] did so

7

instruct for purposes of resolving his appeal."). No evidentiary hearing was conducted by the district court.

In sum, we conclude that reasonable jurists would disagree whether the district court correctly denied relief on Speed's appeal claim. Moreover, and regardless of the district court's intended disposition on Speed's ineffective assistance of counsel claims, additional action by the district court is necessary before this court may consider Speed's appeal. Accordingly, we grant a certificate of appealability on Speed's appeal claim. We vacate the district court's August 12, 2015 order and remand to the district court with instructions that it clarify its ruling pertaining to the appeal claim and conduct any further proceedings it deems appropriate.[2] In light of the complicated procedural history of this case, the district court should issue an opinion explaining its resolution of both of Speed's remaining claims: that counsel was ineffective in failing to timely file a notice of appeal and in failing to investigate and develop a mental health argument for mitigation at sentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[2] We, of course, express no opinion as to the merits of this claim.

before this court and argument would not aid the decisional process.

VACATED AND REMANDED