**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6852**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WENDELL HUSSEY LLOYD, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:14-cr-00043-D-1; 5:14-cv-00895-D)

Submitted: January 27, 2016          Decided: February 10, 2016

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

Wendell Hussey Lloyd, Jr., Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendell Hussey Lloyd, Jr., appeals the district court's judgment denying relief on his 28 U.S.C. § 2255 (2012) motion. We granted a certificate of appealability and ordered supplemental briefing on a single issue: whether an evidentiary hearing was needed in the district court to resolve Lloyd's claim that counsel's failure to file a notice of appeal as requested amounted to ineffective assistance. For the reasons that follow, we vacate in part and remand for further proceedings.

We review de novo the district court's legal conclusions underlying its denial of § 2255 relief. United States v. Hairston, 754 F.3d 258, 260 (4th Cir. 2014). We review for abuse of discretion the district court's decision not to hold an evidentiary hearing to resolve an issue presented in a § 2255 motion. See Gordon v. Braxton, 780 F.3d 196, 204 (4th Cir. 2015); Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). A district court abuses its discretion when it commits an error of law. Koon v. United States, 518 U.S. 81, 100 (1996).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the [district] court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions

2

of law with respect thereto." 28 U.S.C. § 2255(b); see United States v. Thomas, 627 F.3d 534, 539 (4th Cir. 2010). When a prisoner presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is required. United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992); see Raines, 423 F.2d at 530. When a § 2255 movant asserts an ineffective assistance of counsel claim based on counsel's failure to note an appeal, the district court generally must hold an evidentiary hearing before finding that the movant did not unequivocally instruct counsel to file a notice of appeal. See United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000).

To establish ineffective assistance of counsel, Lloyd must demonstrate that counsel's performance was objectively unreasonable and that Lloyd was prejudiced by counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is per se ineffective if he fails to file a notice of appeal when instructed to do so. Strong v. Johnson, 495 F.3d 134, 138 (4th Cir. 2007). In such a case, the petitioner need not demonstrate prejudice to sustain his claim, as prejudice is presumed from the forfeiture of the appellate proceeding. Poindexter, 492 F.3d at 268.

3

Although advised of his obligation to provide evidence to oppose the Government's summary judgment motion, Lloyd did not file an affidavit or other competent evidence to support the more specific allegations in his summary judgment pleadings. However, Lloyd's § 2255 motion was verified in compliance with 28 U.S.C. § 1746 (2012). In it, he stated that he renewed his request to counsel for an appeal after his sentencing hearing, but counsel did not file an appeal after being asked to do so. Viewing this sworn statement, as we must, in the light most favorable to Lloyd, see Scott v. Harris, 550 U.S. 372, 378, 380 (2007) (summary judgment standard); Poindexter, 492 F.3d at 267 (§ 2255 proceedings) — particularly in light of his later unsworn statements clarifying his factual contentions — Lloyd's sworn motion is not inconsistent with a finding that he requested that counsel file an appeal after he signed an acknowledgement of rights form indicating that he did not wish to appeal. In light of this evidence, we conclude counsel's affidavit to the contrary was not dispositive of Lloyd's claim, and the district court erred in granting summary judgment in favor of the Government.

Accordingly, we vacate the district court's judgment insofar as it dismisses Lloyd's claim that his counsel was ineffective in failing to note an appeal, and remand for further proceedings consistent with this opinion. We deny a certificate

4

of appealability as to Lloyd's remaining claim and dismiss that portion of the appeal. We deny as moot Lloyd's motion for counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART,
VACATED IN PART,
AND REMANDED
