**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6382**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

IRVINE JOHNSTON KING, a/k/a Irvine Johnson King; AISHA
RASHIDATU KING,

        Defendants - Appellants.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.   (1:12-cr-00180-CMH-1;  1:12-cr-00180-CMH-2;
1:15-cv-00811-CMH; 1:15-cv-00812-CMH)

_____

Submitted: January 31, 2017      Decided: February 15, 2017

_____

Before DUNCAN and FLOYD, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Vacated in part and remanded by unpublished per curiam opinion.

_____

John Patrick Elwood, Lindsey Robinson Vaala, VINSON & ELKINS,
LLP, Washington, D.C., Conor Paul McEvily, VINSON & ELKINS, LLP,
Houston, Texas, for Appellants.  Kimberly G. Ang, Christopher
John Catizone, OFFICE OF THE UNITED STATES ATTORNEY, Rachel
Gabrielle Hertz, Lauren Elyse Marziani, Special Assistant United
States Attorneys, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irvine Johnston King and Aisha Rashidatu King appeal the district court's orders denying relief on their 28 U.S.C. § 2255 (2012) motions. We previously granted a partial certificate of appealability and ordered further briefing on a single issue: whether the district court abused its discretion in denying, absent an evidentiary hearing, the Kings' claim that their counsel rendered ineffective assistance during plea negotiations. Having reviewed the record and the parties' submissions, we vacate in part and remand for an evidentiary hearing.

"We review de novo a district court's legal conclusions in denying a § 2255 motion." United States v. Ragin, 820 F.3d 609, 617 (4th Cir. 2016). We review for abuse of discretion a district court's decision not to hold an evidentiary hearing in a postconviction proceeding. See Gordon v. Braxton, 780 F.3d 196, 204 (4th Cir. 2015). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the facts must be viewed "in the light most favorable to the § 2255 movant." United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007).

The district court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of

2

the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see United States v. Thomas, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). However, "if the parties produce evidence disputing material facts with respect to non-frivolous habeas allegations, a court must hold an evidentiary hearing to resolve those disputes." United States v. White, 366 F.3d 291, 297 (4th Cir. 2004); see United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000); United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992).

Here, the Kings' affidavits and their attorneys' declarations materially conflict with regard to numerous matters, including what advice counsel provided regarding the strength of the Government's case, the extent to which the Kings were aware of the sentence they likely would face if they went to trial, the extent to which counsel examined the evidence and reviewed that evidence with the Kings, and when and how counsel communicated plea offers to the Kings. The supporting documents provided by the Government do not fully resolve these material disputes.

Although "there is no prohibition against a court making credibility determinations based on competing affidavits in

3

certain circumstances," Strong v. Johnson, 495 F.3d 134, 139 (4th Cir. 2007), our review of the record leads us to reject the notion that an evidentiary hearing would "add little or nothing to the proceedings," United States v. Barsanti, 943 F.2d 428, 440 (4th Cir. 1991). Importantly, while counsel's statements are more detailed and more fully supported by documentary evidence, we cannot conclude that the Kings' contrary affidavits are so conclusory or so implausible as to warrant their outright rejection, or to otherwise dispel the material factual disputes at issue in their case. Because these factual disputes turn upon credibility determinations and "relate primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light," we conclude this action falls within the class of cases in which "an evidentiary hearing is especially warranted." See White, 366 F.3d at 302 (alteration, citations, and internal quotation marks omitted). We therefore conclude that the district court abused its discretion in prematurely rejecting the Kings' claim absent an evidentiary hearing.

As a final matter, the Kings request that the case be reassigned to a different district judge upon remand. We deny this request, as we conclude that reassignment is not necessary to preserve the appearance of justice and would entail a waste of judicial resources disproportionate to any conceivable gains.

4

See United States v. North Carolina, 180 F.3d 574, 583 (4th Cir. 1999); United States v. Guglielmi, 929 F.2d 1001, 1007 (4th Cir. 1991).

Accordingly, we vacate in part the district court's orders dismissing the Kings' § 2255 motions. We remand with instructions to grant the Kings an evidentiary hearing on their claim that counsel was ineffective in failing to sufficiently investigate and render prompt and adequate advice during plea negotiations. In so doing, we offer no view as to the merits of the Kings' claim, leaving that determination to the district court in the first instance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED IN PART
AND REMANDED