[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12525

_____

D. C. Docket No. 0:12-cv-60711-RNS

CARLOS VELAZCO,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
Secretary,

Respondent-Appellee.

_____

Appeal from United States District Court
for the Southern District of Florida

_____

(December 16, 2014)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and WALTER,* District
Judge.

_____

* Honorable Donald E. Walter, United States District Judge for the Western District of
Louisiana, sitting by designation.

WILLIAM PRYOR, Circuit Judge:

This appeal requires us to decide whether a district court erred when it denied a Florida prisoner's petition for a writ of habeas corpus without holding an evidentiary hearing. After a Florida court convicted Carlos Velazco of attempted second degree murder, Velazco unsuccessfully argued in a state postconviction proceeding that his trial counsel had been ineffective in offering the testimony of two witnesses. When Velazco filed a federal petition and requested an evidentiary hearing, he argued that the Florida court had unreasonably applied clearly established federal law when it denied his claim of ineffective assistance of counsel. The district court refused to hold an evidentiary hearing and denied Velazco's petition. We granted a certificate of appealability on the question whether the district court abused its discretion when it denied Velazco's petition without holding an evidentiary hearing. We affirm.

## I. BACKGROUND

On September 4, 2005, Carlos Velazco visited Arancello's Restaurant in Hallandale, Florida, to celebrate his mother's birthday. After he arrived, Velazco encountered Anthony DiCarlo, the owner of the restaurant, Chris Boyle, the bartender, Anthony Tafarella, who was helping out at the restaurant in the hope of

2

obtaining a job, and Carmen Mesa, a waitress. A security camera system at the restaurant recorded their interactions.

When Velazco complained to Mesa, his waitress, that his drink was too sweet, Tafarella came over to Velazco's table to suggest another drink he might prefer. About one-and-a-half hours later, Velazco complained to Mesa that she had not given him correct change. Velazco then pushed Mesa three times. Tafarella intervened and grabbed Velazco's arm. Velazco then tried to punch DiCarlo, who was standing nearby. Tafarella then placed Velazco in a headlock to restrain him. When Tafarella escorted Velazco to an exit, DiCarlo and Boyle followed and were standing behind Tafarella when he released Velazco from the headlock. But Tafarella continued to hold Velazco's arm.

Velazco then produced a knife from his pocket and repeatedly stabbed Tafarella. DiCarlo and Boyle intervened and began beating Velazco. Tafarella suffered nine stab wounds and permanent nerve damage. Velazco suffered black eyes and a broken nose.

An information charged Velazco with attempted second degree murder with a weapon or a firearm. At his jury trial, Velazco argued that he acted in self-defense. The prosecution called the officers who had investigated the incident, as well as Tafarella and Boyle, to testify. The prosecution also introduced the video recordings of the incident as evidence.

3

Defense counsel called four witnesses to testify, two of whom were Nancy Vieta, Velazco's mother, and Lizbeth Pulgar, a friend of Nancy Vieta. Pulgar testified that Velazco acted "normal" on the night of the incident and never provoked anyone. She testified that Tafarella was "very aggressive" when he came over to their table. She testified that she never saw Velazco stab anyone. Vieta testified that she saw the men leave the restaurant while hitting Velazco. Vieta also testified that she never saw Velazco with a knife nor saw him stab anyone.

Although Pulgar and Vieta denied having given statements to the police, a police officer, called as a rebuttal witness for the state, testified that he took statements from both witnesses. The officer testified that Pulgar and Vieta denied having seen the incident. On cross-examination, the prosecution also elicited internal inconsistencies in both Pulgar's and Vieta's testimony.

The jury convicted Velazco of attempted second degree murder, and the trial judge sentenced him to 27 years in prison followed by three years of probation. The Florida Fourth District Court of Appeal affirmed without opinion. *Velazco v. State*, 992 So. 2d 270 (Fla. Dist. Ct. App. 2008).

In a motion for postconviction relief in a Florida court, Fla. R. Crim. P. 3.850, Velazco alleged that his counsel had been ineffective because they failed to investigate the accounts of Pulgar and Vieta before calling them to testify. The trial

court denied the motion. The Florida Fourth District Court of Appeal affirmed without opinion. *Velazco v. State*, 83 So. 3d 739 (Fla. Dist. Ct. App. 2012).

Velazco filed a federal petition for a writ of habeas corpus. He challenged the ruling that he had failed to establish ineffective assistance of counsel regarding the offering of Vieta's and Pulgar's testimony. He also requested an evidentiary hearing. The district court denied Velazco's request for a hearing and his petition. This Court granted a certificate of appealability to determine whether the district court abused its discretion by denying Velazco's request for an evidentiary hearing to prove his claim of ineffective assistance of counsel.

## II. STANDARD OF REVIEW

When we review a denial of a state prisoner's petition, we review questions of law *de novo*, *Grossman v. McDonough*, 466 F.3d 1325, 1335 (11th Cir. 2006), but the Antiterrorism and Effective Death Penalty Act of 1996 establishes a "general framework of substantial deference [that] governs our review of every issue that the state courts have decided." *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1141 (11th Cir. 2005). We will not disturb the decision of the state court unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an

5

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2).

### III. DISCUSSION

The certificate of appealability erroneously assumes that we review for abuse of discretion the denial of Velazco's request for an evidentiary hearing. To be sure, when a *federal* prisoner files a motion to vacate his sentence, 28 U.S.C. § 2255, we review the denial of an evidentiary hearing for "abuse of discretion." *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002). But when a *state* prisoner files a petition for a writ of habeas corpus, 28 U.S.C. § 2254, we follow a "clear, emphatic rule" that, "if a state court has adjudicated the claim on the merits, then a petitioner must satisfy § 2254(d)(1) based only on the record before that state court." *Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1263 (11th Cir. 2014) (citing *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388 (2011)). If a petitioner satisfies that burden, we then review for abuse of discretion the denial of an evidentiary hearing. *See Burgess v. Comm'r, Alabama Dep't of Corr.*, 723 F.3d 1308, 1319–20 (11th Cir. 2013) (reviewing denial of evidentiary hearing for abuse of discretion after concluding that petitioner had satisfied his burden under section 2254(d)(2)).

6

The district court correctly examined only the state record. Section 2254 governs Velazco's petition. The state appellate court summarily denied Velazco's motion for postconviction relief, *Velazco*, 83 So. 3d 739, and that decision was an "adjudication on the merits," *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1353 (11th Cir. 2012). Velazco bears the burden of establishing, on the basis of the state record alone, that the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

To obtain state postconviction relief on his claim of ineffective assistance of counsel, Velazco had to establish both that his counsel performed deficiently and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). And in our review of the denial of that claim, "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *Evans v. Sec'y, Dep't of Corr.*, 703 F.3d 1316, 1326 (11th Cir. 2013) (en banc) (quoting *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069). In our review of whether he established prejudice, Velazco "has to show that every fair-minded jurist would conclude that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Jones v. GDCP Warden*, 753 F.3d 1171, 1184 (11th Cir. 2014) (internal quotation marks and citation omitted).

The Florida court could have reasonably concluded that Velazco failed to establish prejudice regarding his trial counsel's alleged failure to investigate the accounts of Vieta and Pulgar. Velazco argues that the witnesses "harmed the credibility of the defense" when they were impeached. But Velazco fails to explain how, in the absence of this supposed blow to the defense's credibility, the result of the trial would have been different. Velazco contends that, because neither witness "observe[d] most of the incident," they had nothing useful to offer the defense. But even if these witnesses had nothing to offer that would support a theory of self-defense, that contention establishes only that Vieta and Pulgar were not helpful. Velazco provides no reason to believe that, had his attorneys adequately investigated the witnesses' unhelpfulness, the verdict might have swung in Velazco's favor.

Moreover, the state record establishes that the witnesses *were* useful to the defense. Pulgar testified that Tafarella had been "very aggressive" toward Velzaco before the attempted murder. And Vieta testified that Tafarella was speaking "[i]n a very loud voice and making [gestures]" when he came over to Velazco's table and that Velazco was "scared" by Tafarella's aggression. This testimony supported Velazco's theory of self-defense.

8

Velazco also fails to acknowledge the overwhelming evidence against him. Multiple witnesses described Velazco's sudden attack. One of the investigating officers testified that "all [of the restaurant] workers" he interviewed agreed about the events. And the prosecution offered extensive video recordings of the incident. Before imposing Velazco's sentence, the trial judge explained that the video recordings obviated the need for speculation about the attempted murder:

> [Neither t]he court, nor the jury, had to speculate on what occurred. . . . The restaurant . . . had extremely sophisticated video recordings. . . . The event showed an absolutely senseless act. And an act of such extreme aggression by . . . Velazco. [What] just absolutely amazes this Court is the speed with which [] Velazco reached into his pocket[,] opened or withdrew a knife . . . and proceeded on his ruthless attack. . . . [N]o one was holding him. No one was chasing him. . . . When for some reason he made a life altering decision.

Because Velazco has failed to satisfy his burden under section 2254(d)(1) "based only on the record before that state court," our inquiry is at an end. *Pope*, 752 F.3d at 1263. *Cf. Madison v. Comm'r, Alabama Dep't of Corr.*, 761 F.3d 1240, 1249–50 (11th Cir. 2014) ("Nothing in *Pinholster*, or any other principle of habeas corpus, bars a District Court from conducting an evidentiary hearing where . . . (1) the federal claim was adjudicated on the merits in state court; (2) there is a determination based only on the state court record that the petitioner has cleared the § 2254(d) hurdle; and (3) the habeas petitioner tried, but was not given the opportunity to develop the factual bases of the claim in state court.") (footnote omitted).

9

## IV. CONCLUSION

We **AFFIRM** the denial of Velazco's petition.