STUART, Justice.
In December 2007, Christopher Taft Landers petitioned the Morgan Circuit Court for postconviction relief pursuant to Rule 32, Ala. R.Crim. P., asserting ineffective assistance of trial counsel. On May 16, 2008, the circuit court dismissed the petition. On May 30, 2008, Landers moved the circuit court to reconsider its decision. On June 6, 2008, the circuit court entered an order vacating the May 16, 2008, order and ordering Landers to file within 30 days an affidavit from Christy Miller, Landers’s trial counsel, in support of the ineffective-assistance-of-counsel claim pleaded in his Rule 32 petition. On July 2, 2008, Landers responded to the circuit court’s order, indicating that Miller had refused to provide the requested affidavit. In his response, Landers asked the circuit court to hold an eviden-tiary hearing at which he could subpoena Miller to testify. On July 28, 2008, the circuit court issued an order purporting to vacate its June 6, 2008, order and purporting to reinstate the May 16, 2008, order dismissing Landers’s Rule 32 petition. On August 1, 2008, Landers filed a notice of appeal with the Court of Criminal Appeals. In materials filed with the Court of Criminal Appeals, the circuit court clerk indicated that the date of the dismissal of Lan-ders’s Rule 32 petition was May 16, 2008. On August 14, 2008, the Court of Criminal Appeals ordered Landers to show cause why his appeal should not be dismissed as untimely. On August 20, 2008, Landers filed a response in the Court of Criminal Appeals, explaining that he did not file a notice of appeal after the May 16, 2008, *878 order because that order was vacated on June 6, 2008. Landers reasoned that the July 28, 2008, order was the proper order to appeal from because before that date he had no decision from which to appeal. He stated:
“[Landers] would ask that [the Court of Criminal Appeals] consider the propriety of the trial judge vacating the order dismissing the Rule 32, Ala. R.Crim. P., petition AND then issuing a subsequent order reinstating the previous order that dismissed the Rule 32, Ala. R.Crim. P., petition. All this has done is cause confusion and chaos in the appeal process, and it would seem the trial court would have been required to issue a new order dismissing the Rule 32, Ala. R.Crim. P., petition.”
On August 26, 2008, the Court of Criminal Appeals, by order, dismissed Landers’s appeal as untimely. Landers v. State, 27 So.3d 638 (Ala.Crim.App.2008)(table). In the order dismissing Landers’s appeal, the Court of Criminal Appeals stated: “The Court notes that a postjudgment motion does not toll the time for filing a notice of appeal in a postconviction proceeding. See Loggins v. State, 910 So.2d 146 (Ala.Crim.App.2005).”
After the Court of Criminal Appeals overruled Landers’s application for a rehearing, Landers filed a petition for a writ of certiorari in this Court. We granted the writ.
The State in its response to Landers’s petition for certiorari review recognizes that although the filing of a motion for reconsideration does not toll the time for filing a notice of appeal, this principle alone may not be dispositive of this case and Landers may have justifiably relied on the circuit court’s June 6, 2008, order vacating its earlier dismissal of his Rule 32 petition as a proper reason not to appeal the May 16, 2008, order.
We agree with the State; Landers’s reliance on the circuit court’s June 6, 2008, order vacating the May 16, 2008, dismissal of his Rule 32 petition was justified. Lan-ders’s postjudgment motion did not toll the time for filing a notice of appeal. However, the circuit court’s June 6, 2008, order, which vacated its May 16, 2008, order, did reinstate the case in the circuit court. Thus, at that time, Landers did not have a final judgment from which to appeal. On July 28, 2008, the circuit entered a final judgment from which Landers could appeal. Consequently, as a matter of law, Landers’s notice of appeal filed on August 1, 2008, was timely, and the Court of Criminal Appeals erred in dismissing Landers’s appeal. See Rule 4, Ala. R.App. P. (stating that a notice of appeal is timely if filed within 42 days of entry of the final judgment or appealable order).
Therefore, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.*
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
SHAW, J., recuses himself.**

 Note from the reporter of decisions: On October 2, 2009, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On October 30, 2009, that court denied rehearing, without opinion. On February 12, 2010, the Supreme Court denied certiorari review, without opinion (1090182).