[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11898
_____

D.C. Docket No. 5:10-cv-00755-SLB


CHRISTOPHER TAFT LANDERS,

Petitioner - Appellant,

versus

WARDEN,
THE ATTORNEY GENERAL OF THE
STATE OF ALABAMA,

Respondents – Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 23, 2015)

Before HULL, MARCUS and DUBINA, Circuit Judges.

MARCUS, Circuit Judge:

Petitioner Christopher Taft Landers, an Alabama inmate, appeals from a district court order denying his habeas petition without holding an evidentiary hearing. Landers challenges the adequacy of the state court's fact-finding procedure on collateral review: he claims that the Alabama court's finding that he did not receive ineffective assistance of counsel — a finding the court made on the basis of dueling affidavits, without an evidentiary hearing, pursuant to Rule 32 of the Alabama Rules of Criminal Procedure — was "an unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2) (2014). He also says that the federal district court was wrong to deny his petition and his request for an evidentiary hearing to further develop the factual basis of his claims. We disagree. Petitioner cannot show that, when measured through the deferential lens of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the state court's fact-finding methods in this case were so deficient as to render its factual determinations unreasonable. Having determined that the state court did not run afoul of § 2254(d)(2), the district court properly denied petitioner's request for an evidentiary hearing. Accordingly, we affirm.

## I.

### A.

On June 25, 2007, Christopher Landers pleaded guilty in Alabama's Morgan County Circuit Court to two counts of first-degree sodomy, one count of first-

degree sexual abuse, and one count of enticing a child to enter a vehicle or house for immoral purposes. The trial court sentenced Landers to concurrent terms of eighteen years for the sodomy convictions and ten years each for the sexual abuse and child enticement convictions.

Landers timely filed a petition pro se seeking post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, alleging that his trial counsel, John Mays, misrepresented to him that Alabama's "85% rule"[1] would not apply to his sentence and he would, therefore, be eligible for parole within six years if he took the plea deal the government had offered. (In fact, Landers would not be considered for parole until at least the year 2021, after he had served fifteen years of his eighteen-year sentence.) Landers claimed that counsel's misstatement (1) rendered his guilty plea involuntary, and (2) constituted ineffective assistance of counsel. He asked the trial court to allow him to withdraw his guilty plea, release him on bond, or hold an evidentiary hearing.

Landers included two brief affidavits with his petition: one from his mother, Mary G. Long, and one from his step-father, Hillard Long, who each stated that they were present at two meetings when Mays represented that Landers would be eligible for parole in six years if he took the plea deal. They also said that at these

---

[1] Pursuant to Article I, section 9 of the Alabama Board of Pardons and Parole Rules and Regulations, when an inmate is convicted of first-degree sodomy, the initial parole consideration date is set upon the completion of 85% of his total sentence or fifteen years, whichever is less.

3

meetings, Landers told Mays that he would accept the plea only if Mays was sure that he would be eligible for parole in six years.  The State filed a response refuting Landers's claims and attached an affidavit from counsel Mays in which he stated, among other things, that he told Landers a minimum of twenty times that a first-degree sodomy conviction was subject to the 85% rule.  Mays's affidavit was appreciably longer and more detailed than either of the affidavits submitted by Landers.

The state habeas court denied Landers's Rule 32 petition without holding an evidentiary hearing.  Based on the pleadings and affidavits, the court found "as a matter of fact that [Mays] correctly advised [Landers] regarding the minimum amount of time [he] would have to serve," and, therefore, that Mays's conduct did not constitute ineffective assistance.  The court observed that it could resolve the disputed factual issues based upon the affidavits the parties had submitted where (1) petitioner's claims "are fully set out in a sworn petition and are supported by a sworn affidavit," and (2) the State's response is supported by a sworn affidavit.  In doing so, the court cited Rule 32.9(a) of the Alabama Rules of Criminal Procedure, which reads, in part:

> Unless the court dismisses the [Rule 32] petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of material fact, with the right to subpoena material witnesses on his behalf.  The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the presence of the petitioner is not required,

4

or the court may take some evidence by such means and other evidence in an evidentiary hearing.

Ala. R. Crim. P. 32.9(a) (2014).

Landers, still pro se, filed a Motion to Reconsider and Retract the habeas court's order and again requested an evidentiary hearing. In his motion, Landers indicated that he "had no idea" the court would rule solely on the basis of the affidavits, and that if he had known, he would have submitted an affidavit from a second attorney, Christy Miller, to support his claims with circumstantial evidence. Attached to his motion, Landers submitted an affidavit in which he stated that Miller had visited him in June and July 2007 and had informed him that Mays had told her that Landers would be eligible for parole after only five years. Landers stated that, if he had been granted an evidentiary hearing, he would have subpoenaed Miller to testify about her conversation with Mays, and that he had not sought an affidavit from her initially because he did not think the court would rule on the affidavits alone.

In response to Landers's motion, on June 6, 2008, the state habeas court vacated its prior order and granted Landers thirty days to file an affidavit from Miller. The court deferred ruling on Landers's request for an evidentiary hearing until the court received the affidavit. Twenty-six days later, Landers filed a response again requesting an evidentiary hearing so he could subpoena Miller to testify and subpoena jail records showing the dates of Miller's and Mays's visits.

5

He also recounted his efforts to have Miller submit an affidavit, explained that she had not responded, and stated that an evidentiary hearing was necessary for him to subpoena Miller because she did not appear willing to comply voluntarily.

On July 28, 2008, the state habeas court vacated its earlier June 6th order and reinstated its initial ruling denying relief. The court determined that Landers was not entitled to relief from the initial order because Rules 32.3 and 32.6 of the Alabama Rules of Criminal Procedure "place an affirmative duty" on the petitioner "to fully disclose the factual basis for the claims . . . in his petition." Moreover, "upon further consideration," the court concluded that Landers's motion for reconsideration was "in effect an untimely motion to amend his petition," because Landers sought to present new facts that he had not initially alleged. Thus, the court ruled that it had no authority to grant the motion. In the alternative, the court concluded that, even if Landers's motion was characterized as a proper motion for reconsideration, the factual allegations contained in his affidavit did not create a genuine issue of material fact regarding his claim. Specifically, the alleged facts did not directly refute the content of the lawyer's detailed affidavit, and to the extent that the additional facts constituted circumstantial evidence, they were insufficient to rebut the presumption that Mays's conduct was not deficient. The court noted that the presumption of competence in this case was bolstered by "the Court's personal knowledge of the proceedings and of counsel's significant

6

experience representing criminal defendants." The court added that, at the time of his guilty plea, Landers had certified in writing to the court that he had not been offered any inducement or reward to plead guilty; therefore, he was estopped from asserting a contrary position in state habeas.

Landers appealed to the Alabama Court of Criminal Appeals, arguing in part that the state habeas court had abused its discretion by denying his Rule 32 petition without holding an evidentiary hearing and without adequately explaining why it had credited Mays's affidavit over his own. The Court of Criminal Appeals affirmed[2] the trial court's denial of Landers's petition, noting that the court relied on "a detailed affidavit" from Mays. The Supreme Court of Alabama denied certiorari.

### B.

On March 3, 2010, Landers timely filed a § 2254 habeas petition in the United States District Court for the Northern District of Alabama, presenting the same claims he had presented in his state habeas petition: (1) that his guilty plea was involuntary, and (2) that his trial counsel had rendered ineffective assistance of counsel, both on the basis of Mays's alleged misrepresentation regarding Landers's parole eligibility. Landers argued that it was an abuse of discretion for the state

---

[2] In a series of procedural steps irrelevant to the resolution of the case, the Court of Criminal Appeals originally dismissed Landers's appeal as untimely. The Alabama Supreme Court granted certiorari and reversed. Ex parte Landers, 53 So. 3d 877, 878 (Ala. 2009). On remand, the appeals court affirmed the trial court in an unpublished memorandum opinion.

trial court to make its factual findings without conducting an evidentiary hearing since the State's motion to dismiss was supported by only one affidavit while Landers's petition was supported by three. He argued that the court abused its discretion by not holding an evidentiary hearing in which Miller could be subpoenaed. He also claimed that the lack of an evidentiary hearing deprived him of a fair proceeding, in violation of "[t]he intent" of Rule 32 of the Alabama Rules of Criminal Procedure. The State argued, in turn, among other things, that the trial court's factual determination on the basis of the affidavits was appropriate under Rule 32.9.

A federal magistrate judge recommended that the case be referred for a federal evidentiary hearing, having determined that the state trial court and the Alabama Court of Criminal Appeals had applied Rule 32.9 in a manner that deprived Landers of a full and fair hearing. The magistrate judge cited several opinions from this Court that questioned whether a court could make credibility determinations without hearing live testimony, including Smith v. Zant, 887 F.2d 1407, 1433 (11th Cir. 1989) (en banc) (Kravitch, J., concurring in part and dissenting in part), and Agee v. White, 809 F.2d 1487, 1494 n.3 (11th Cir. 1987). Therefore, the magistrate judge determined that the state court's findings were an unreasonable determination of the facts.

The district court rejected the magistrate judge's Report and Recommendation. The court noted that "a district court is not required to hold an evidentiary hearing" when "the state-court record precludes habeas relief under the limitations of § 2254(d)," and that a petitioner must "overcome the limitation of [§ 2254(d)(2)] on the record that was before the state court." Landers v. Mitchem, 2013 WL 1282131, No. 5:10-CV-0755-HGD, at *1 (N.D. Ala. Mar. 27, 2013) (quoting Cullen v. Pinholster, 131 S. Ct. 1388, 1399-1400 (2011) (quotation marks omitted)). The court "found no case holding that Alabama's procedure of allowing . . . credibility determinations" in habeas proceedings on the basis of affidavits, pursuant to Rule 32.9, "violate[d] petitioner's constitutional rights." Id. at *3. The district court emphasized that the magistrate judge had cited cases decided before the passage of AEDPA and quoted an outdated version of § 2254(d).[3] Id. The court found that, in the absence of any case law, not all reasonable jurists would agree that making a credibility determination on the basis of affidavits was "an unreasonable determination of the facts" pursuant to § 2254(d)(2), and, therefore, the state habeas court's factual finding was not unreasonable. Id. at *3-4. Thus, the court denied Landers's petition without an evidentiary hearing.

---

[3] Under the pre-AEDPA version of § 2254(d), the presumption of correctness of a state court's factual findings was inapplicable if any of several factors were met, including "that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing." 28 U.S.C. § 2254(d) (1994). In AEDPA, these factors were eliminated. See Valdez v. Cockrell, 274 F.3d 941, 949-51 (5th Cir. 2001). The magistrate judge cited this since-removed language from the outdated version of § 2254(d)(2).

9

Landers timely appealed, arguing that the district court erred in denying his habeas petition without conducting an evidentiary hearing because the state court's decision was based on an unreasonable determination of fact pursuant to § 2254(d)(2).

II.

A.

We review <u>de novo</u> the denial of a state prisoner's federal habeas petition. <u>Bates v. Sec'y, Fla. Dep't of Corr.</u>, 768 F.3d 1278, 1287 (11th Cir. 2014). However, the scope of our review in this case is further governed by AEDPA. When a state court has adjudicated a petitioner's claim on the merits — and the parties agree that the state court adjudicated the claim on the merits and that AEDPA governs this inquiry — AEDPA prohibits relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), <u>or</u> "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," <u>id.</u> § 2254(d)(2).  Only § 2254(d)(2) has been invoked today.

"AEDPA 'imposes a highly deferential standard for evaluating state court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" <u>Bishop v. Warden, GDCP</u>, 726 F.3d 1243, 1253 (11th Cir. 2013) (quoting <u>Renico</u>

10

v. Lett, 559 U.S. 766, 773 (2010)), cert. denied, 135 S. Ct. 67 (2014).  Under §

2254(d)(2),[4] "[t]he question . . . is not whether a federal court believes the state

court's determination was incorrect but whether that determination was

unreasonable — a substantially higher threshold."  Schriro v. Landrigan, 550 U.S.

465, 473 (2007).  The Supreme Court has conceded that "the term 'unreasonable'

is no doubt difficult to define," Wood, 558 U.S. at 301 (quoting Williams v.

Taylor, 529 U.S. 362, 410 (2000) (internal quotation marks omitted)), but the

Court has instructed that it is not sufficient that "the federal habeas court would

have reached a different conclusion in the first instance," id.  That is, the state

court's determination must be "objectively unreasonable."  Miller-El v. Cockrell,

537 U.S. 322, 340 (2003).  The Supreme Court has found state factual findings

unreasonable under § 2254(d)(2) when the direction of the evidence, viewed

cumulatively, was "too powerful to conclude anything but [the petitioner's factual

claim]," Miller-El v. Dretke (Miller-El II), 545 U.S. 231, 265 (2005), and when a

---

[4] AEDPA also prescribes that "a determination of a factual issue made by a State court shall be presumed to be correct," and that the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  The interaction between (d)(2) and (e)(1), which appear to articulate different standards for reviewing state factual findings, is an open question in this circuit.  Cave v. Sec'y for Dep't of Corr., 638 F.3d 739, 744-47 & 747 n.6 (11th Cir. 2011); see Wood v. Allen, 558 U.S. 290, 300 (2010).  Because Landers does not meet even the arguably more forgiving § 2254(d)(2) standard, and "our view of the reasonableness of the state court's factual determination in this case does not turn on any interpretive difference regarding the relationship between these provisions," Wood, 558 U.S. at 300, we are not required to address the relationship between these provisions in this case.  See id. at 293; Cave, 638 F.3d at 747 ("We have not yet had an occasion to completely define the respective purviews of (d)(2) and (e)(1), and this case presents no such opportunity . . . . The state court's decisions on Cave's claims were not based on unreasonable factual determinations in light of the evidence before it under any standard.").

11

state court's finding was "clearly erroneous," Wiggins v. Smith, 539 U.S. 510, 528-29 (2003).

The Supreme Court has been clearer about explicating the standard for § 2254(d)(1) ("contrary to, or . . . an unreasonable application of . . . Federal law"). In that context, the Court has said that habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (internal quotation marks omitted).[5] We apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2). See Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1257 (11th Cir. 2012) ("A state court's . . . determination of facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination . . . ."); accord Ferguson v. Sec'y, Fla. Dep't of Corr., 716 F.3d 1315, 1332 (11th Cir.), cert. denied sub nom. Ferguson v. Crews, 134 S. Ct. 33 (2013).

### B.

At issue in this case are two intertwined determinations made by the district court: its denial of Landers's request for a federal evidentiary hearing and its outright denial of Landers's petition for habeas relief. Recent Supreme Court law

---

[5] Although the language in Richter sometimes describes § 2254(d) as a whole, without specifying which prong is being explicated, see 131 S. Ct. at 786-87, only § 2254(d)(1) was at issue in that case.

12

suggests that in a § 2254 case, these two determinations usually go hand-in-hand. The Supreme Court has clarified the limited role of federal evidentiary hearings in habeas proceedings. In Cullen v. Pinholster, the Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," 131 S. Ct. at 1398, and therefore "evidence introduced in federal court has no bearing on § 2254(d)(1) review." 131 S. Ct. at 1400. As the Ninth Circuit has noted, "[t]his effectively precludes federal evidentiary hearings for such claims because the evidence adduced during habeas proceedings in federal court could not be considered in evaluating whether the claim meets the requirements of § 2254(d)." Gulbrandson v. Ryan, 738 F.3d 976, 993-94 (9th Cir. 2013), cert. denied, 134 S. Ct. 2823 (2014).

Pinholster's holding governs only claims brought under § 2254(d)(1), but its logic applies even more clearly to § 2254(d)(2), which contains an explicit textual restriction to evaluate the state court ruling only "in light of the evidence presented in the State court proceeding." See Pinholster, 131 S. Ct. at 1400 n.7 (noting "[t]he additional clarity of § 2254(d)(2) on this point"). As best we can tell, every circuit court to consider this issue has held that the Pinholster restriction applies to § 2254(d)(2) claims, as well. See Murray v. Schriro, 745 F.3d 984, 1001 (9th Cir. 2014); Garuti v. Roden, 733 F.3d 18, 23 (1st Cir. 2013); Blue v. Thaler, 665 F.3d 647, 655-56 (5th Cir. 2011); Rountree v. Balicki, 640 F.3d 530, 538 (3d Cir. 2011);

cf. Black v. Workman, 682 F.3d 880, 895 (10th Cir. 2012).  Therefore, before a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record.

Once a petitioner has demonstrated such an error or unreasonable determination, "the decision to grant [an evidentiary] hearing rests in the discretion of the district court."  Landrigan, 550 U.S. at 468; cf. Velazco v. Dep't of Corr., No. 13-12525, 2014 WL 7102328, at *2 (11th Cir. Dec. 16, 2014) ("If a petitioner satisfies [his] burden [under § 2254(d)(1)], we then review for abuse of discretion the denial of an evidentiary hearing.").  Thus, we turn to petitioner's § 2254(d)(2) claim.

## C.

Landers alleges that the state habeas court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), because the fact-finding procedure the court employed (relying on dueling affidavits without an evidentiary hearing) was not reasonable to make the credibility determination in his case.  The exact doctrinal basis of this claim is unclear: at different points in his time before the federal courts, he appears to have alleged that the state court's procedure

14

misapplied Alabama law, violated his Fourteenth Amendment due process rights, or simply rendered the state court's factual conclusions unreasonable under the terms of § 2254(d)(2). We address each of these claims in turn.

1.

At times in his briefing before the federal district court and this Court, Landers seems to allege that the state habeas court incorrectly applied Rule 32.9 of the Alabama Rules of Criminal Procedure. Insofar as this is his claim, it is a non-starter. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (rejecting the court of appeals' argument that petitioner was due habeas relief in part because evidence in state court was incorrectly admitted pursuant to California law); see Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1295 (11th Cir. 2014). If the Alabama state habeas court violated Alabama state law, that is for the Alabama appellate courts to determine — unless the fact-finding procedure itself violated federal law, the issue to which we now turn.

2.

At oral argument before this Court, Landers's counsel insisted that his client was arguing not only that the state court's inadequate fact-finding procedures rendered its decision unreasonable under § 2254(d)(2), but also that they violated his Fourteenth Amendment due process rights. In theory, a due process claim

15

could arguably be advanced in habeas on the basis of § 2254(d)(1), asserting that the state court's procedures violated clearly established Supreme Court case law.

However, as counsel subsequently conceded at the lectern, no such claim appeared in any of petitioner's post-conviction filings. Accordingly, the petitioner has waived this claim in three separate ways. First, he failed to "'fairly present' his claim in each appropriate state court . . . thereby [failing to] alert[] that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) (reversing grant of habeas petition where "[r]espondent did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment"). Second, he failed to present this claim before the district court. See Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013) ("A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it."). Finally, he failed to present this claim in any brief before this Court. See APA Excelsior III L.P. v. Premiere Technologies, Inc., 476 F.3d 1261, 1269 (11th Cir. 2007) ("[W]e do not consider claims not raised in a party's initial brief and made for the first time at oral argument.").

The closest Landers came to making this argument was his assertion before the state court, the district court, and this Court, that he did not receive a "fair"

16

proceeding in the state habeas court.  Notably, however, he used this phrase as part of an argument that the state court had undermined the purposes of Rule 32 of the Alabama Rules of Criminal Procedure; he did not make a due process or Fourteenth Amendment claim.  Indeed, no citations to the Fourteenth Amendment and no mention of "due process" appear anywhere in Landers's post-conviction briefs before any court.  Although we construe pro se petitions liberally,[6] Dupree, 715 F.3d at 1299, we will not infer a claim out of thin air.  This is particularly important in situations where, as here, petitioner "provides no citation of any case that might have alerted the court to the . . . nature of the claim."  Baldwin, 541 U.S. at 33.  It is no surprise, then, that none of the other courts in this case that had addressed Landers's claims, state or federal, considered the Due Process Clause as a basis for his claims.[7]  Landers's failure to fairly present a due process claim deprived the state courts of an "'opportunity to pass upon and correct'" any alleged due process violations.  Id. at 29 (quoting Duncan, 513 U.S. at 365).  Any due process claim has not been properly preserved, and we decline to consider it now.

---

[6] Landers proceeded pro se in his habeas proceedings until he reached this Court, at which point he was appointed counsel.

[7] The magistrate judge did appear to base his Report and Recommendation on the ground that the state court evidentiary procedures deprived Landers of "a full and fair hearing."  However, he never linked this standard to the Due Process Clause; instead, he appeared to draw the standard from an outdated version of § 2254 and the Supreme Court's pre-AEDPA case Townsend v. Sain, 372 U.S. 293, 312-13 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992), superseded by 28 U.S.C. § 2254(e)(2).

17

In any event, Landers did have an opportunity to be heard and he cited no Supreme Court precedent requiring an evidentiary hearing or precluding a court from making a factual finding on the basis of dueling affidavits. Thus, he has no clearly established law to support this claim.

3.

Finally, we turn to Landers's only viable claim: that the state habeas court's fact-finding procedure — resolving a credibility dispute on the basis of dueling affidavits, without an evidentiary hearing — was so inadequate as to render its factual determinations "unreasonable" under § 2254(d)(2), stripping them of AEDPA deference and opening the door for de novo review and habeas relief.

We begin with the observation that there does not appear to be any binding Supreme Court or Eleventh Circuit precedent on whether § 2254(d)(2) deference is conditioned on a state court having held an evidentiary hearing in these circumstances. More broadly, the Supreme Court seems to have foreclosed a per se rule that a state court must conduct an evidentiary hearing to resolve every disputed factual question. In Schriro v. Landrigan, the state court had found, without holding an evidentiary hearing, that the habeas petitioner had instructed his attorney not to provide mitigating evidence at his sentencing hearing. 550 U.S. at 471. The Ninth Circuit, en banc, found this determination to be "unreasonable" under § 2254(d)(2). Id. at 472. The Supreme Court reversed, holding that the state

18

court's factual finding was reasonable under § 2254(d)(2), despite the absence of an evidentiary hearing. 550 U.S. at 476; see Hibbler v. Benedetti, 693 F.3d 1140, 1147 (9th Cir. 2012). Thus, we conclude that an evidentiary hearing in state court cannot be a requirement for § 2254(d)(2) deference for all disputed factual issues in a state court proceeding.

Nevertheless, we do not foreclose the possibility that a state court's fact-finding procedure could be so deficient and wholly unreliable as to result in an unreasonable determination of the facts under § 2254(d)(2) and to strip its factual determinations of deference. But we are mindful that, consistent with AEDPA's statutory scheme, "this standard is difficult to meet . . . because it was meant to be." Richter, 131 S. Ct. at 786.

As we see it, in this case the state court had plausible reasons to credit the attorney's version of the facts over the petitioner's; taken together, these considerations render the state court's determination reasonable. Most notably, the dueling affidavits in this case bear strikingly different indicia of reliability. Landers's affidavits are each less than half a page long. Each follows an identical structure, as if stamped from the same mold. And each alleges only the barest factual skeleton needed to support an ineffective assistance claim; there are no details at all. A court could reasonably find that the Landers affidavits do not have the ring of credulity.

Attorney Mays's affidavit, in sharp contrast, is nearly five full single-spaced pages long. It describes in great detail the nature and timeline of the plea negotiation process, in which the prosecutor's office initially refused to plea bargain, Mays prepared for trial until a key witness recanted, and the prosecutors ultimately insisted that any plea include a count of first-degree sodomy. It also enumerates the factors that pointed in favor of going to trial and those that counseled in favor of a plea. Mays recounts explaining to Landers that "if the state would not dismiss the Sodomy I counts or reduce them to Sex Abuse I" then Landers "would serve 85% of the sentence," and describes the prosecutor's unwillingness to drop a charge of first-degree sodomy. The affidavit details three different specific occasions when Mays explained to Landers that Alabama's 85% Rule would apply to any first-degree sodomy conviction: first, after seeing the indictment; then, after Mays's first meeting with representatives from the Alabama Attorney General's office; and, finally, after receiving an initial plea bargain offer approximately one month before trial. Indeed, Mays summarizes that he told Landers "a minimum of [twenty] times during [his] representation" that a first-degree sodomy conviction "required the defendant to serve 85% of his sentence." Faced with these affidavits of notably differing credibility, the state judge had reasonable grounds for choosing one over the others. See Strong v. Johnson, 495 F.3d 134, 139 (4th Cir. 2007) ("Choosing between conflicting affidavits without a

20

hearing may be reasonable when one affidavit is . . . conclusory . . . and the other affidavit sets out a detailed account of events.").  Further, the state habeas judge had also presided over the underlying conviction, and was, as he expressly noted, personally familiar with the quality and care of the lawyer in the proceedings at issue.

On this record, we cannot say that making a credibility determination on the basis of these affidavits in this case was objectively unreasonable.  The evidence in this case is a far cry from being "too powerful to conclude anything but [the petitioner's factual claim]," Miller-El II, 545 U.S. at 265, nor is the state court's finding close to "clearly erroneous," Wiggins, 539 U.S. at 529.

Our conclusion that the state court's factual determination was not unreasonable is bolstered by the apparent disagreement among our sister circuits on the extent to which § 2254(d)'s deference is conditioned, if at all, on the state court's fact-finding procedures, and whether procedures like those used in Alabama's courts in this case result in factual determinations that satisfy § 2254(d)(2)'s standard.  Compare Earp v. Ornoski, 431 F.3d 1158, 1168-70 (9th Cir. 2005) (holding that a state court's rejection of petitioner's habeas claim was unreasonable under § 2254(d)(2) where the court made credibility determinations on the basis of a paper record, without an evidentiary hearing), and Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir. 2004) (describing cases that satisfy

§ 2254(d)(2) "where . . . the fact-finding process itself is defective," and stating that "[i]f . . . a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an 'unreasonable determination' of the facts"), with Strong, 495 F.3d at 139-41 (applying § 2254(d) deference to and affirming a state court's denial of a habeas petitioner's ineffective assistance of counsel claim where the state court resolved a credibility dispute between the petitioner and the lawyer on the basis of dueling affidavits, without an evidentiary hearing), and Valdez, 274 F.3d at 951 ("[A] full and fair hearing [in state court] is not a precondition to . . . applying § 2254(d)'s standards of review."). Given these disparate outcomes across the circuit courts of appeals, it is apparent that this question is not "beyond any possibility for fairminded disagreement." Richter, 131 S. Ct. at 787. In the face of the plausible bases for the state court's fact-finding here and this disagreement among fairminded jurists, we cannot say that the state court's determination in this case was unreasonable within the meaning of § 2254(d).

Thus, we agree with the district court that the petitioner has not met his considerable burden under § 2254(d)(2). As a result, the petitioner can neither attain habeas relief nor an evidentiary hearing.

AFFIRMED.

22