[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12930
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00178-RH-CAS


TOMMY LEE GAINES,

                                                                Petitioner-Appellant,


versus


CHAIRMAN, FLORIDA PAROLE COMMISSION,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                                Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 14, 2018)

Before MARCUS, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Tommy Lee Gaines, a Florida prisoner proceeding pro se, appeals the district court's denial, without a hearing, of his 28 U.S.C. § 2254 petition. On appeal, he argues that the Florida Parole Commission ("the Commission") violated his due process rights by withholding evidence and failing to hold a hearing on his conditional release violation. The district court issued a certificate of appealability ("COA") on the following issue: whether the district court properly denied, without a hearing, Gaines's claim that his waiver of a hearing before the Commission was involuntary and that the Commission's revocation of his conditional release without a hearing thus violated the Due Process Clause. We conclude that the state habeas court's determination that Gaines was afforded due process was not contrary to or an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts. We therefore affirm the district court's denial of Gaines's § 2254 petition.

## I.  STANDARD

In examining the district court's denial of a § 2254 petition, we review questions of law and mixed questions of law and fact de novo and findings of fact for clear error. Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). We review a district court's decision to grant or deny an evidentiary hearing for abuse of discretion. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d) prohibits federal courts from granting habeas relief on claims previously adjudicated on the merits in state court unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2). In habeas proceedings, a determination of a factual issue made by a state court is presumed to be correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. Id. § 2254(e)(1).

## II.  BACKGROUND

In 1990, Gaines pled guilty in Florida state court to possession of a firearm by a convicted felon and possession of cocaine. The Florida state court sentenced Gaines to thirty years and ten years imprisonment. On September 1, 2008, Gaines was placed on conditional supervised release until June 8, 2020. One condition of this release required Gaines to "obey all laws, ordinances, and statutory conditions of conditional release."

On May 26, 2012, Gaines was arrested after being involved in a physical altercation with another man. Deputy Kenneth Roberts of the Putnam County Sheriff's Office responded to the incident and wrote a police report about the

3

arrest. According to the report, Gaines stated that the other man insulted Gaines's girlfriend and the "next thing he knew they were fighting." On May 31, 2012, the Florida Parole Commission issued a "warrant for retaking of conditional release" based on the May 26, 2012 arrest and police report.

On June 6, 2012, Parole Examiner Richard Hughes met with Gaines regarding the conditional release violation proceedings. Hughes presented Gaines with a Notice of Hearing form, which charged Gaines with "failing to obey all laws, ordinances or statutory conditions of Conditional Release, in that on or about May 26, 2012, in Putnam County, Florida, he did unlawfully touch, strike, or cause bodily harm to [the victim], against the will of said victim." Hughes also presented Gaines with a Notice of Rights form, which informed Gaines that he had the following rights: the right to appear and speak on his own behalf at a release violation hearing; the right to present evidence on his own behalf, including the right to obtain witnesses; the right to examine evidence to be used against him and to confront and cross examine adverse witnesses at the violation hearing; the right to be represented by counsel; and the right to receive fourteen days advance notice of the hearing. Gaines initialed the form next to the following provision: "I hereby freely and voluntarily waive my right to said violation hearing."

Gaines also signed a separate Waiver of Conditional Release Violation Hearing form. By signing the waiver, Gaines acknowledged that his rights had

been explained to him and that he understood them. He acknowledged that he was "waiving the requirement for the Commission to conduct a violation hearing regarding [his] alleged violations" and that he understood he may be found guilty of the charges regardless of whether such charges resulted in a conviction. Gaines acknowledged that he was given a Withdrawal of Voluntary Waiver form, allowing him to withdraw his waiver of the violation hearing within fourteen days. Gaines further acknowledged that "no promises, threats or inducements" were made to him to cause him to sign the form.

On June 10, 2012, Gaines sent a letter to the Commission, admitting that he did get into a fight with a man who insulted his girlfriend, saying he was sorry, and asking the Commission to reinstate his conditional release. On July 11, 2012, the Commission issued an order revoking Gaines's conditional release. The Commission primarily relied on Deputy Roberts's police report of the incident.

Gaines filed a petition for habeas corpus in state court, arguing in part that the Commission violated his due process rights by revoking his conditional release without a hearing. Specifically, he claimed that his waiver was involuntary because: (1) he signed the waiver in reliance on Hughes's assurance that his conditional release would be reinstated due to the fact that he was only charged with a misdemeanor, and (2) he was not given a copy of Deputy Roberts's police report before he signed the waiver forms. The state court denied the petition,

5

finding that Gaines voluntarily waived his right to a conditional release violation hearing. The Florida court of appeals affirmed. Gaines then filed the present § 2254 petition in federal district court, arguing that the Commission violated his due process rights by revoking his conditional release without a hearing.

### III. DISCUSSION

The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  In Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the Supreme Court outlined the due process requirements for parole revocation hearings. Id. at 485–89, 92 S. Ct. 2602–05. While the "full panoply of rights due a defendant" in criminal proceedings "does not apply to parole revocations," the Supreme Court held that there are certain "minimum requirements of due process" for revocation proceedings, including:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 480, 489, 92 S. Ct. at 2600, 2604 (quotations omitted).

6

The district court did not err in denying Gaines's habeas petition. First, the state habeas court reasonably found that Gaines voluntarily waived his right to a hearing. By initialing the Notice of Rights form and signing the Waiver of Conditional Release Hearing form, Gaines acknowledged that he understood his rights, that no promises, threats, or inducements caused him to sign, and that he freely chose to waive his right to a hearing. Additionally, the state habeas court considered the declaration of Parole Examiner Hughes, which the Commission offered in opposition to Gaines's claim that his waiver was involuntary. Hughes states that Gaines elected to waive his right to a hearing after Hughes explained to him the consequences of doing so. Hughes declares that Gaines's claim that Hughes informed him that his conditional release would be reinstated is "absolutely false." Gaines offers no evidence to the contrary. Given this record, the state habeas court reasonably found that Gaines's waiver was voluntary.

The state habeas court also reasonably concluded that the Commission complied with the minimum due process requirements for revocation proceedings. The Commission, through parole examiner Hughes, provided Gaines with written notice of his parole violation as well as his rights to have evidence disclosed to him and to appear at a parole violation hearing. The record supports the state habeas court's conclusion that Gaines voluntarily waived those rights. Gaines does not offer any evidence to support his claim that he requested and was denied a copy of

7

Deputy Roberts's police report before July 11, 2012, when the Commission revoked his conditional release. Given that Gaines was advised of his right to have evidence disclosed and freely chose to waive his right to a hearing without requesting said evidence, the state court's conclusion that Gaines was afforded due process is not contrary to or an unreasonable application of clearly established federal law. See Morrissey, 408 U.S. at 490, 92 S. Ct. at 2604 ("We have no thought to create an inflexible structure for parole revocation procedures.").

Finally, the district court did not abuse its discretion by failing to hold an evidentiary hearing regarding Gaines's § 2254 petition. When a state court has adjudicated the claim presented by the petitioner, an evidentiary hearing may only be granted if the federal court concludes that the state court unreasonably applied clearly established federal law or made an unreasonable determination of fact. Landers v. Warden, 776 F.3d 1288, 1294–95 (11th Cir. 2015). Here, the district court correctly concluded that an evidentiary hearing was not necessary because the state habeas court did not unreasonably apply federal law or make unreasonable findings of fact.

AFFIRMED.

8