[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13319

Non-Argument Calendar

_____

RUFUS YOUNG,

Petitioner-Appellant,

*versus*

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-61074-RAR

_____

2                         Opinion of the Court                    22-13319

Before JILL PRYOR, NEWSOM, and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Rufus Young, a Florida state prisoner proceeding with counsel, appeals the district court's denial of his *pro se* 28 U.S.C. § 2254 habeas petition.  A single judge of this court granted a certificate of appealability ("COA") on the following issue:

> Whether the district court erred in denying Ground One of Young's § 2254 petition, without holding an evidentiary hearing, based on the *de novo* determination that police possessed probable cause to arrest Young and, thus, that he could not establish ineffective assistance as to any of counsel's alleged deficiencies related to a motion to suppress his incriminating statements?

Young argues that the district court should have granted his § 2254 petition because his trial counsel was ineffective for failing to challenge the allegedly unlawful arrest that led to his confession.  Having read the parties' briefs and reviewed the record, we affirm the district court's order denying Young habeas relief.

## I.

We review *de novo* the district court's denial of a habeas corpus petition.  *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005).  That is, we review *de novo* "the district court's decision about whether the state court acted contrary to clearly established federal law, unreasonably applied federal law, or made an unreasonable

determination of fact." *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010) (quotation marks omitted); *see* 28 U.S.C. § 2254(d). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010) (internal quotation marks omitted). Thus, we review a district court's decision *de novo* but typically review the state post-conviction court's decision with deference. *Reed*, 593 F.3d at 1239. However, the deference mandated by the AEDPA only applies where a state court has actually adjudicated a claim on the merits. *See* 28 U.S.C. § 2254(d). When a claim is properly presented to the state court, but the state court does not adjudicate it on the merits, review is *de novo*. *Cone v. Bell*, 556 U.S. 449, 472, 129 S. Ct. 1769, 1784 (2009).

## II.

In applying AEDPA deference, a federal court's first step is to identify the highest state-court decision that evaluated the claim on its merits. *Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). When that decision does not come accompanied with a reasoned opinion, the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale and should then presume that the unexplained decision adopted the same reasoning. *Wilson v. Sellers*, 584 U.S. 122, 125, 138 S. Ct. 1188, 1192 (2018) (quotation marks omitted).

Courts can deny a habeas petition without resolving the question of what level of deference is appropriate if the petitioner's claim is meritless under *de novo* review. *Berghuis v. Thompkins*, 560 U.S. 370, 390, 130 S. Ct. 2250, 2265 (2010). In other words, the Supreme Court has recognized an "Ockham's razor" approach whereby the district court can "skip over" a complicated review of a claim's procedural bar issues and instead review it *de novo*, but only when the "claim would fail on the merits in any event." *Dallas v. Warden*, 964 F.3d 1285, 1307 & n.4 (11th Cir. 2020) (quotation marks omitted).

For claims of ineffective assistance of counsel, a petitioner must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by the deficient performance, i.e., there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-65, 2068 (1984). If both are shown, the petitioner's counsel did not function as "counsel" guaranteed by the Sixth Amendment, and the denial of the petitioner's right should be remedied. *Id.* at 687; *see* U.S. Const. amend. VI.

"There is a strong presumption that counsel's performance falls within the wide range of professional assistance," and "the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*,

477 U.S. 365, 381, 106 S. Ct. 2574, 2586 (1986) (internal quotation marks omitted). "[A]ny deficiencies of counsel in failing to raise or adequately pursue [meritless issues] cannot constitute ineffective assistance of counsel." *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009). Because both parts of the *Strickland* test must be satisfied in order to show ineffective assistance, we need not address the deficient performance prong if the defendant cannot meet the prejudice prong, or vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

"[I]t is well established that a habeas petitioner is entitled to an evidentiary hearing if he or she alleges facts that, if proved at the hearing, would entitle petitioner to relief." *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002) (quoting *Meeks v. Singletary*, 963 F.2d 316, 319 (11th Cir. 1992)). For a federal habeas petitioner to be "entitled to a federal evidentiary hearing on a claim that has been adjudicated by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." *Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1295 (11th Cir. 2015).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. Under the exclusionary rule, evidence cannot be used against a defendant in a criminal trial where that evidence was

obtained via an encounter with police that violated the Fourth Amendment. *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003). This exclusionary rule extends beyond the direct products of the constitutional violation to the "fruit of the poisonous tree"—evidence that became available only through the exploitation of the police misconduct rather than through an independent, legitimate search. *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S. Ct. 407, 417 (1963).

Arrests must be based on probable cause. *Miller v. Harget*, 458 F.3d 1251, 1259 (11th Cir. 2006). "Probable cause exists when the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks omitted). Probable cause requires "only a probability or substantial chance" of criminal activity. *Paez v. Mulvey*, 915 F.3d 1276, 1286 (11th Cir. 2019) (internal quotation marks omitted). It does not require anything close to conclusive proof or even a finding made by a preponderance of the evidence. *Id.* It is a preliminary determination. *Id.*

"[I]n making a warrantless arrest[,] an officer may rely upon information received through an [anonymous] informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Illinois v. Gates*, 462 U.S. 213, 242, 103 S. Ct. 2317, 2334 (1983) (internal quotation marks omitted). The

22-13319              Opinion of the Court                    7

Supreme Court has affirmed a totality-of-the-circumstances ap-proach to determining the weight due to information from confi-dential informants. *Id.* at 238, 103 S. Ct. at 2332. Anonymous tips "may contribute to a probable cause determination, but in assign-ing probative weight to such tips, courts must assess the totality of the circumstances surrounding them, including the tips' reliability." *Cozzi v. City of Birmingham*, 892 F.3d 1288, 1295 (11th Cir. 2018) (cit-ing *Gates*, 462 U.S. at 230-32, 103 S. Ct. at 2328-29).

## III.

As an initial matter, we review Young's claim *de novo*, rather than applying the deference in § 2254(d) and the AEDPA, because it is not clear that Young presented the issue of the legality of his arrest to the state court or that the state court addressed the issue on the merits. *See Berghuis*, 560 U.S. at 390, 130 S. Ct. at 2265; *Dallas*, 964 F.3d at 1307. In determining whether to apply AEDPA defer-ence, the first step is to identify the highest state-court decision that evaluated a claim on its merits, and when such a decision is not accompanied with a reasoned opinion, we "look through" the un-explained decision to the last related state-court decision that does provide a relevant rationale and presume that the unexplained de-cision adopted the same reasoning. *Wilson*, 584 U.S. at 125, 138 S. Ct. at 1192; *Marshall*, 828 F.3d at 1285.

Thus, we will "look through" the Fourth District Court of Appeal's affirmance of the denial of post-conviction relief and look to the lower state post-conviction court's reasoning. *See Wilson*, 584 U.S. at 125, 138 S. Ct. at 1192; *Marshall*, 828 F.3d at 1285. The state

post-conviction court's analysis of the viability of Young's claim regarding the legality of his arrest was limited to the "reasons contained in the [s]tate's response," and the state's response argued in part that Young's claim was procedurally barred because the state appellate court considered the merits of the claim on appeal. The appellate court's decision on direct appeal was an unelaborated *per curiam* opinion, so it is again appropriate to look to the trial court's decision of the issue on direct appeal. *See Wilson*, 584 U.S. at 125, 138 S. Ct. at 1192; *Marshall*, 828 F.3d at 1285. As the district court correctly noted, the trial court explicitly denied Young's motion to suppress on the basis that he voluntarily waived his right against self-incrimination and did not discuss the legality of Young's arrest. Accordingly, we will "skip over" a complicated review of the claim's procedural bar issues and instead review the claim *de novo* because the claim nonetheless fails on the merits, as discussed below. *See Dallas*, 964 F.3d at 1307.

The record demonstrates that the district court did not err in determining that law enforcement had probable cause to arrest Young, thus rendering his ineffective assistance claim impotent for a lack of deficient performance. *See Gates*, 462 U.S. at 238, 103 S. Ct. at 2332; *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Even if Berrena placed Young under arrest when they initially had contact, Berrena had probable cause to place Young in custody because, upon consideration of the totality of the circumstances, Berrena's information was sufficiently corroborative to render the anonymous tips reliable and generate probable cause. *See Gates*, 462 U.S. at 242, 103 S. Ct. at 2334; *Miller*, 458 F.3d at 1259; *Cozzi*, 892 F.3d at

22-13319                Opinion of the Court                9

1295.  Because Berrena had probable cause to arrest Young, Young's post-arrest inculpatory statements were not the fruits of an unlawful arrest, and the exclusionary rule did not apply to his statements. *See Wong Sun*, 371 U.S. at 488, 88 S. Ct. at 417; *Perkins*, 348 F.3d at 969; *Miller*, 458 F.3d at 1259.  Thus, Young's counsel's failure to move to suppress the statements as fruits of an unlawful arrest was not deficient performance because such a motion would have been meritless.  *See Owen*, 568 F.3d at 915.

Because we conclude from the record that the allegations in Young's petition would not entitle him to relief if proven true, he was not entitled to an evidentiary hearing before the district court. *See Breedlove*, 279 F.3d at 960; *Landers*, 776 F.3d at 1295.  Accordingly, based on the aforementioned reasons, we affirm the district court's judgment denying Young habeas relief.

**AFFIRMED.**