**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11688
Non-Argument Calendar
_____

JAMES T. ROBERTS,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

*Respondents-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02068-TPB-NHA
_____

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

James T. Roberts, III, a counseled Florida prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition, following

his convictions for child neglect and aggravated child abuse with great bodily harm, both in violation of Fla. Stat. § 827.03. The convictions arose out of injuries his three-month-old son sustained to his skull and brain while in Roberts's care. Roberts was granted a certificate of appealability ("COA") on the issue of "[w]hether the district court erred in denying Ground 1 of Robert[s's] 28 U.S.C. § 2254 petition, in which he argued that counsel was ineffective for failing to retain expert witnesses for his defense." On appeal, Roberts argues that his counsel was ineffective because, if he had presented evidence from experts that, for example, Roberts's son's injuries reasonably could have resulted from an accidental fall, the jury would have had an evidentiary basis for reasonable doubt, thus creating a reasonable probability that the outcome of his trial would have been different. After careful review, we affirm.

We review de novo the district court's denial of a habeas corpus petition. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). That is, we review de novo "the district court's decision about whether the state court acted contrary to clearly established federal law, unreasonably applied federal law, or made an unreasonable determination of fact." *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010) (citation omitted). The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation modified). Thus, we review the district court's decision de novo, but review the state court's decision with deference. *Reed*, 593 F.3d at 1239. Finally, we

review a district court's decision to deny an evidentiary hearing for abuse of discretion. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002).

If a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the decision of the state court (1) was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (explaining that, when a § 2254 petitioner asserts a claim that has been adjudicated on the merits in state court proceedings, the petitioner bears the burden of proving that he is entitled to relief).

A federal habeas court making the unreasonable application inquiry in § 2254(d)(1) "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410. So, even if the federal court concludes that the state court applied federal law incorrectly, relief is appropriate only if that application also is objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state prisoner seeking federal habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Similarly, the petitioner carries the burden under § 2254(d)(2) to show that a state court's adjudication of a claim was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d)(2); *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1034–35 (11th Cir. 2022) (en banc).  They must show both (1) by clear and convincing evidence that particular factual determinations were wrong, and (2) that the state court's decision "taken as a whole" constitutes an "unreasonable determination of the facts" and is "based on" that determination. *Pye*, 50 F.4th at 1035 (citation modified).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Debruce v. Comm'r, Ala. Dep't of Corr.*, 758 F.3d 1263, 1266 (11th Cir. 2014) (citation modified).  Notably, review under § 2254(d)(2) is limited to the record that was before the state court. *Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1295 (11th Cir. 2015).  The Supreme Court has held that a federal habeas court reviewing an unexplained state court decision should "look through" that decision to the last related state-court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

For claims of ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, *and* (2) the petitioner was prejudiced by the deficient performance,

i.e., there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). A defendant must satisfy both prongs of *Strickland* in order to prevail on an ineffective assistance of counsel claim, so "[a] court may decline to reach the performance prong of the ineffective assistance test if convinced that the prejudice prong cannot be satisfied." *Calder v. Sec'y, Fla. Dep't of Corr.*, 166 F.4th 1294, 1305–06 (11th Cir. 2026) (citation modified). Further, because the "reasonable probability" standard is required to prove prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693–95. Additionally, the burden of showing prejudice is heavy when alleging that counsel was ineffective for "failing to call a witness because often allegations of what a witness would have testified to are largely speculative." *Sullivan v. DeLoach*, 459 F.3d 1097, 1109 (11th Cir. 2006) (citation modified).

For the federal habeas court, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable -- a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citation modified). Moreover, a state court's failure to track precisely the language used by the U.S. Supreme Court does not mean that it applied the wrong standard. *See Hall*, 310 F.3d at 700 (noting that, while a state court's remarks could be read to suggest it required more certainty of a different outcome than *Strickland* requires, the state court "was

simply using abbreviated language in making its findings, especially since the state court opinion made abundantly clear that it applied exactly the right federal law").

Here, we address only the prejudice prong of the *Strickland* test because we are convinced that Roberts has not established prejudice. *Calder*, 166 F.4th at 1305–06. We begin by noting that the state court -- which did not expressly include *Strickland*'s "reasonable probability" language -- nevertheless adhered to the *Strickland* prejudice standard when it held that Roberts's claim that "the outcome [of his trial] would have been different" if his counsel had presented independent expert witness testimony was "speculative at best." As we've detailed, *Strickland* requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," and, notably, requires a petitioner to demonstrate more than just some conceivable effect on the trial's outcome. *See Strickland*, 466 U.S. at 693–95. The state court's language in this case, though abbreviated, sufficiently tracked the *Strickland* prejudice requirement, especially since the state court incorporated by reference the state's response to Roberts's Rule 3.850 motion, which laid out and applied the correct standard. *See Hall*, 310 F.3d at 700.

As for the merits of his claim, the record reflects that counsel's primary defense at trial was that Roberts was not negligent in waiting to bring his son to the hospital and that his son's injuries resulted from an accident, since there was "absolutely no evidence

that [he] did something willfully, intentionally to cause great bodily harm" to his son. Counsel highlighted the shortcomings of the prosecution's case, effectively cross-examining the state's witnesses about their expertise on brain injury and abusive head trauma. Still, in the state postconviction court, when he attacked trial counsel's failure to call experts, Roberts did not present any evidence, aside from his assertion that it would have been "eas[y]" to retain experts to support his defense and two news articles on shaken baby syndrome. Nor did he show that any medical doctor or biomechanical engineer had actually reviewed the evidence in his case. On this record, Roberts has not met his heavy burden of establishing prejudice, especially where his "allegations of what a witness would have testified to are largely speculative." *Sullivan*, 459 F.3d at 1109. Thus, we cannot say that the state court's determination that there was no *Strickland* prejudice was contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts presented. 28 U.S.C. § 2254(d).

Finally, because Roberts did not present any specific evidence in state court about the testimony of a potential defense expert witness, the district court did not abuse its discretion in concluding that an evidentiary hearing was not necessary nor in affirming the state court's decision not to hold one. A petitioner is not entitled to an evidentiary hearing when his claims are merely "conclusory allegations unsupported by specifics." *Boyd v. Allen*, 592 F.3d 1274, 1304 (11th Cir. 2010) (citation modified). As we've

noted, Roberts did not present any specifics to the state postconviction court to support his claim of prejudice. And to the extent Roberts attempted to introduce Dr. Edward Willey's affidavit in the § 2254 proceedings as potential expert testimony, the district court could not consider that affidavit since it was not part of the state court postconviction record. *See Landers*, 776 F.3d at 1295. Thus, the district court did not abuse its discretion in determining that Roberts's statements about potential expert testimony were too speculative to grant an evidentiary hearing.

**AFFIRMED.**