[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15223
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-00489-JSM-TBM


LESTER FISHER,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 24, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Lester Fisher, a Florida state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.  In support of his claim for habeas relief, Petitioner argues that trial counsel was ineffective for failing to advise him during plea negotiations that he faced a potential 40-year sentence, with a 30-year mandatory minimum, if sentenced as a Violent Career Criminal ("VCC"), and that as a result, he chose to reject the more favorable plea offer made by the State of Florida ("the State") and to proceed to trial.  The Florida court rejected Petitioner's ineffective assistance argument in state post-conviction proceedings, finding after a hearing that he had failed to show prejudice.  We agree with the district court that the Florida court's decision was based neither on an unreasonable determination of the facts nor on an unreasonable application of clearly established federal law.  Accordingly, we affirm.

## I.  Background

### A.    State Criminal Conviction

In March 2005, Petitioner was charged in a Florida state court with one count of second-degree robbery.  Around the same time, Petitioner was separately charged with three additional robberies, as well as burglary and possession of drugs and drug paraphernalia.  After unsuccessful global plea negotiations, Petitioner proceeded to trial in the second-degree robbery case (which is the only conviction at issue in this habeas petition and appeal), and a jury found him guilty.

2

The Florida court found that Petitioner qualified as a VCC based on his criminal history, and imposed the maximum sentence available under the VCC statute: 40 years in prison, with a minimum of 30 years to serve. The Florida appellate court affirmed Petitioner's conviction and sentence on direct appeal.

B.      State Post-Conviction Proceedings

In October 2007, Petitioner filed a motion for state post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Among numerous other grounds for relief asserted in his Rule 3.850 motion, Petitioner argued that his attorney was ineffective by failing to advise Petitioner prior to trial that, if convicted, he potentially faced a 40-year maximum sentence, with 30 years mandatory to serve, as a VCC. Petitioner argued further that, had he been aware of his eligibility for VCC status, and of the maximum and mandatory minimum sentence associated with that status, he would have accepted the State's plea offer of a 15-year sentence to resolve all of the charges against him.[1]

The Florida court held an evidentiary hearing on Petitioner's ineffective assistance claim, at which both Petitioner and his trial counsel, Maria Pavlidis, testified. Petitioner indicated in his testimony that Pavlidis had advised him of the

---

[1] The record indicates that the State offered Petitioner an 18-year and then a 15-year sentence. Petitioner testified at his Rule 3.850 evidentiary hearing that the State made separate 18-year and 15-year plea offers. However, his trial counsel's testimony and notes only reflected an 18-year offer. For ease of reference, and to give Petitioner the benefit of the doubt, we will refer to the plea offer as being for a 15-year sentence.

15-year plea offer, and had told him about several sentencing enhancements that would potentially apply if he rejected the offer, including the Habitual Felony Offender ("HFO") enhancement, the Prison Release Reoffender ("PRR") enhancement, and the Habitual Violent Felony Offender ("HVFO") enhancement. Petitioner testified that, based on his discussions with Pavlidis, he understood that he would likely face a sentence of 30 years in prison if convicted on the second-degree robbery charge. However, Petitioner stated that Pavlidis neglected to tell him about his potential VCC status, and he was thus unaware that he actually faced a 40-year sentence, with 30 years minimum to serve. Petitioner testified that he would have accepted the State's 15-year plea offer if he had known the full extent of his exposure under the VCC statute.

Pavlidis acknowledged in her testimony that she had not explained the VCC enhancement to Petitioner prior to trial because she was unaware that the State would pursue such an enhancement. She testified, however, that she had discussed with Petitioner the fact that he faced a maximum sentence of 85 years on all of his charges without any enhancements, and that Petitioner could potentially be sentenced to 30 years for each robbery as a Habitual Violent Felon, resulting in a total of 120 years if the sentences on each robbery charge were imposed consecutively. Pavlidis testified further that she had advised Petitioner that the trial court might well impose maximum, consecutive sentences on each robbery

4

count because of his lengthy criminal record, which included 20 or 21 prior robberies. According to Pavlidis, the State's 15-year offer would have disposed of all four of Petitioner's pending robbery charges, in addition to the other charges against him.

Based on the above testimony, the Florida court denied Petitioner's ineffective assistance claim. Specifically, the Florida court found that Petitioner could not demonstrate that he was prejudiced by trial counsel's alleged deficiency in failing to inform him about the sentencing consequences of a VCC enhancement. In reaching this conclusion, the Florida court found it significant that Petitioner had rejected the State's 15-year plea offer to resolve all of his pending cases, despite knowing that he faced a maximum exposure that was significantly higher than the 40-year sentence he received as a VCC. Given that fact, the Florida court found that Petitioner's testimony that he would have accepted the plea offer if he had known about the VCC enhancement was not credible. Petitioner appealed this decision to the Florida appellate court, which affirmed without opinion.

C.    Federal Habeas Petition

Petitioner subsequently filed the present § 2254 petition, asserting multiple grounds for relief. As relevant to this appeal, Petitioner alleged that trial counsel was ineffective for failing to advise him of his eligibility for VCC status and the

5

sentencing implications of that status.  The district court denied the petition on all grounds, specifically concluding that the Florida court's decision on the ineffective assistance claim was not based on an unreasonable determination of the facts or an unreasonable application of clearly established federal law.  This Court granted a certificate of appealability as to whether Petitioner's trial counsel "was ineffective for misadvising him of his potential sentencing exposure."

## II.  Discussion

### A.    Standard of Review

We review a district court's denial of a habeas petition under 28 U.S.C. § 2254 *de novo*.  *Madison v. Comm'r, Ala. Dep't of Corr.*, 761 F.3d 1240, 1245 (11th Cir. 2014).  Although we review the district court's factual findings for clear error, we review its rulings on questions of law and mixed questions of law and fact *de novo.  Id.*  An ineffective assistance claim "presents a mixed question of law and fact that we review *de novo*."  *Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1261 (11th Cir. 2014).

### B.    Availability of Federal Habeas Relief

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a high bar for granting federal habeas relief on a claim that the state court has adjudicated on the merits.  *See White v. Woodall,* 134 S. Ct. 1697, 1702 (2014) (noting the difficulty of obtaining habeas relief under AEDPA); *Harrington v.*

6

*Richter*, 562 U.S. 86, 102 (2011) ("If this standard is difficult to meet, that is because it was meant to be."). Under AEDPA, a federal court may only grant habeas relief on such a claim if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d). As discussed below, neither requirement is met in this case.

> 1.    The Florida court's decision that Petitioner failed to show prejudice is not based on an unreasonable determination of the facts in light of the evidence presented.

To prevail on this prong of § 2254(d), a petitioner must do more than convince the federal habeas court that it would have made a different factual determination than the state court. *Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1294 (11th Cir. 2015). Instead, the petitioner must satisfy the "substantially higher threshold" of showing that the state court's factual determination was "objectively unreasonable" based on the evidence presented in the state court proceeding. *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) and *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)) (internal quotation marks omitted). The Supreme Court has found that this standard was satisfied when "the direction of the evidence, viewed cumulatively, was 'too powerful to conclude anything but'" a petitioner's factual claim. *Id.* (quoting *Miller-El v. Dretke*, 545

U.S. 231, 265 (2005)).  We have further explained that a state court's factual finding is unreasonable if "no 'fairminded jurist' could agree" with it.  *Id.* (quoting *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012)).

Petitioner contends that the Florida court's prejudice ruling was based on an unreasonable determination that Petitioner was aware that his exposure on the *one* second-degree robbery charge that he took to trial was 85 to 120 years in prison. However, read in context, it is clear that what the Florida court actually found was that Petitioner rejected the 15-year plea offer knowing that his maximum exposure on *all* of his pending charges, including the four robberies and the burglary and drug possession charges, was 85 to 120 years.  That finding was reasonable, as it was directly supported by Pavlidis's testimony that she advised Petitioner during the plea negotiations that he faced a maximum unenhanced sentence of 85 years on all of his cases, and an enhanced sentence of 30 years on each robbery that, if imposed consecutively, would amount to 120 years.

Petitioner alternatively suggests that it was unreasonable for the Florida court to consider his knowledge about the maximum sentence that could be imposed if convicted in all of his cases to determine whether he was prejudiced in this case.  We disagree.  To establish prejudice, Petitioner had to demonstrate a reasonable probability that he would have accepted the plea if he had been advised about the maximum 40-year sentence and the 30-year mandatory minimum

8

applicable under the VCC statute. *See Lafler v. Cooper*, 566 U.S. __, 132 S. Ct. 1376, 1385 (2012) (holding that to show prejudice in the context of a foregone guilty plea, a petitioner must show, *inter alia*, that, but for the ineffective assistance of counsel, there is a reasonable probability that he would have accepted the plea offer); *Osley v. United States*, 751 F.3d 1214, 1223 (11th Cir. 2014) (affirming the denial of a § 2255 motion to vacate on the ground that the movant failed to establish a reasonable probability that he would have accepted a plea offer because he had already refused to accept a deal that proposed a significantly lower sentence). The fact that Petitioner rejected a 15-year plea offer to dispose of numerous cases that he knew potentially carried a 120-year combined sentence is unquestionably relevant to this inquiry.[2] *See Osley*, 751 F.3d at 1224 (finding that the movant's claim that he would have accepted a plea offer had he known that he faced a guideline range of up to 262 months, instead of 121 months, and included a 15-year mandatory minimum, was undermined by the fact that he turned down a plea of 70-87 months knowing his maximum exposure at trial was life imprisonment); *cf. Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003) ("Other panels in this and other circuits have pointed to the disparity between the plea offer and the potential sentence exposure as strong evidence of a reasonable

---

[2] Petitioner notes that one of his robbery charges was dismissed before trial. Assuming that is true, and that the 15-year plea deal was still an offer to resolve the remaining cases, Petitioner still decided to forego the offer knowing that he faced 90 years on the remaining three robbery charges.

probability that a properly advised defendant would have accepted a guilty plea offer.").

Finally, Petitioner argues that the Florida court's credibility finding was unreasonable because his testimony that he would have accepted the plea offer if he had been advised about his sentencing exposure as a VCC was "uncontested." This argument mischaracterizes the evidence presented at the state post-conviction hearing. Although Petitioner did testify that he would have accepted the plea if he had been aware of the 40-year maximum/30-year mandatory minimum sentence that could be imposed under the VCC statute, his credibility on that point was called into question by Pavlidis's testimony that: (1) Petitioner rejected the State's 15-year plea offer in spite of her advice (a) that he could potentially be sentenced to 120 years if convicted in all of the cases that the plea would resolve and (b) that the trial court might well impose maximum, consecutive sentences in each case, given Petitioner's lengthy prior record (which included 20 robberies); (2) Petitioner stated unequivocally that he would not accept any sentence that required more than five years in prison; and (3) Petitioner's steadfast refusal to accept more than five years in prison ended plea negotiations. Based on Pavlidis's testimony, the Florida court reasonably found that Petitioner's claim that he would have accepted the 15-year plea offer if he had been aware of the potential VCC enhancement was not credible. *See Bishop v. Warden, GDCP*, 726 F.3d 1243,

10

1259 (11th Cir. 2013) (concluding that, absent clear and convincing evidence, this Court has no power to revisit the state court's credibility determinations).

### 2.    The Florida court did not unreasonably apply clearly established federal law.

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts the governing Supreme Court precedent or arrives at a different result than the Supreme Court in the face of materially indistinguishable facts. *Burton v. Comm'r, Ala. Dep't of Corr.*, 700 F.3d 1266, 1269 (11th Cir. 2012). An "unreasonable application" of clearly established federal law occurs if the state court correctly identifies the governing legal principle from Supreme Court precedent but "unreasonably applies it to the facts of the particular case." *Id.* (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)) (quotation marks omitted). Relief is not available under this prong of § 2254(d) if the state court's application of federal law is "merely wrong." *Woodall*, 134 S. Ct. at 1702. Rather, the application must be "objectively unreasonable" to warrant relief. *Id.* (the state court's error must be "well understood and comprehended in existing law beyond any possibility for fairminded disagreement").

The Florida court's decision clearly was not "contrary" to federal law, as it correctly identified the governing legal principles from the relevant Supreme Court authority. In *Strickland v. Washington*, the Supreme Court held that, to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that (1)

11

counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) the petitioner suffered prejudice as a result of the deficient performance. 466 U.S. 668, 687-88 (1984). The Supreme Court later clarified that, to show prejudice in the context of a foregone guilty plea, the petitioner must show that he would have accepted the plea offer but for the ineffective advice of counsel. *Lafler*, 566 U.S. at ___, 132 S. Ct. at 1385.

While the Florida court did not cite to either *Strickland* or *Lafler*,[3] it determined that Petitioner had to show prejudice in order to prevail on his claim, as required by *Strickland*. The Florida court further determined that in order to establish prejudice, Petitioner had to show a reasonable probability that he would have accepted the plea, as required by *Lafler*. Accordingly, the court correctly identified the governing legal principles, and thus, its decision was not contrary to federal law. Petitioner does not cite any materially indistinguishable Supreme Court cases that arrive at a different result.

Neither was the Florida court's prejudice determination an "unreasonable application" of federal law. In denying Petitioner's Rule 3.850 motion, the Florida

---

[3] In fact, the Florida court could not have cited to *Lafler* as that case was decided in March 2012, and the Florida court issued its decision in January 2011. However, the Florida court nevertheless applied the principle set forth in *Lafler*, as the decision in *Lafler* confirmed this Court's approach to prejudice in previous cases examining the question of prejudice in a guilty plea context. *See Coulter v. Herring*, 60 F.3d 1499, 1503-04 (11th Cir. 1995) (holding that to succeed on an ineffective assistance of counsel claim based on a foregone guilty plea, a petitioner must show that there was a reasonable probability that, but for counsel's errors, he would have pleaded guilty and not insisted on going to trial).

court did not consider whether counsel's performance was deficient, but instead denied Petitioner's claim based solely on *Strickland*'s prejudice prong. Such an approach does not make the determination unreasonable, as we have held that if the petitioner makes an insufficient showing on the prejudice prong, the court need not address the performance prong, and vice-versa. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

Finally, and as discussed above, the Florida court reasonably found, based on the evidence presented, that Petitioner could not show that he would have accepted the plea offer had he known of the 40-year maximum/30-year mandatory minimum sentences applicable under the VCC. Such a showing is required by *Lafler*. Accordingly, Petitioner cannot prevail on the "unreasonable application" prong of § 2254(d).

### III. Conclusion

For the reasons stated above, we affirm the denial of Petitioner's § 2254 petition for a writ of habeas corpus.

**AFFIRMED.**