[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13985
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cv-00040-VMC-CPT

STEVEN TURBI,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 28, 2020)

Before MARTIN, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Steven Turbi, a Florida prisoner proceeding pro se, appeals the district court's

denial of his pro se 28 U.S.C. § 2254 habeas corpus petition.  We granted Turbi a

certificate of appealability ("COA") on one issue: whether the district court erred in

concluding that the state court reasonably rejected Turbi's claim that counsel failed to relay a plea offer to him. After thorough review, we affirm.

We review a district court's denial of a § 2254 petition de novo. Bester v. Warden, 836 F.3d 1331, 1336 (11th Cir. 2016). We generally will not consider arguments raised on appeal that were not raised before the district court. See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1272 n.1 (11th Cir. 2014).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, after a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). A state court decision is an unreasonable application of Supreme Court precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the petitioner's case. Davis v. Sellers, 940 F.3d 1175, 1185 (11th Cir. 2019). Our review is limited to the record before the state court, and focuses on what the state court "knew and did" at the time it rendered its decision. Id. at 1187. Before a petitioner may be entitled to a federal evidentiary hearing, he must establish § 2254(d)(1) or (2) based solely on the state court record. Landers v. Warden, Att'y Gen. of Ala., 776 F.3d 1288, 1295 (11th Cir. 2015).

2

Under AEDPA, a state court's factual determinations are presumed correct, and the petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This standard requires proof that a claim is highly probable. Pittman v. Sec'y, Fla. Dep't of Corrs., 871 F.3d 1231, 1244 (11th Cir. 2017). That reasonable minds reviewing the record might disagree about the finding in question does not suffice, on habeas review, to supersede the state court's determination. Id. Where a state-court decision does not explain its reasons, a federal habeas court should "look through" the unexplained decision to the last related state-court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning. Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

In Florida, a court may deny a Rule 3.850 motion without an evidentiary hearing if it finds that all grounds in the motion can be conclusively resolved either as a matter of law or by reliance upon the records in the case. See Fla. R. Crim. P. 3.850(f)(5). Federal courts may not second-guess state courts on matters of state law. Landers, 776 F.3d at 1296. In Landers, we held that we could not reexamine the state court's decision not to hold an evidentiary hearing in the petitioner's state habeas proceeding unless the state fact-finding procedure itself violated federal law. Id. Further, we held that an evidentiary hearing in state court was not a requirement for § 2254(d)(2) deference. Id. at 1297. However, we noted the possibility that a state court's fact-finding procedure could be "so deficient and wholly unreliable as

3

to result in an unreasonable determination of the facts under § 2254(d)(2) and to strip its factual determinations of deference." Id.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Sixth Amendment's guarantee of effective assistance of counsel extends to plea bargaining. Lafler v. Cooper, 566 U.S. 156, 162 (2012). As a general rule, defense counsel has a duty to communicate formal offers from the prosecution of a plea with terms and conditions that may be favorable to the accused, and failure to do so is deficient performance. Missouri v. Frye, 566 U.S. 134, 145 (2012). To establish prejudice in the context of a failed plea bargain, the petitioner must show a reasonable probability that: (1) the plea offer would have been presented to the court; (2) the court would have accepted its terms; and (3) the conviction or sentence under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. Lafler, 566 U.S. at 163-64.

The question before us today is whether the state court unreasonably denied Turbi's original Rule 3.850 motion based on the facts before it when it decided that motion. See Davis, 940 F.3d at 1187.[1]  In evaluating this issue, we look to the state

---

[1] To the extent Turbi now challenges the state trial court's dismissal of his second Rule 3.850 motion, we will not consider this issue because Turbi did not raise it in district court. See Samak, 766 F.3d at 1272 n.1.

trial court's opinion, because the state appellate court affirmed without an opinion. Wilson, 138 S. Ct. at 1192.  The state trial court found that Turbi's counsel was not ineffective for failing to inform Turbi of the state's plea offer because the record showed that while the state may have contemplated a plea deal in Turbi's case, it did not actually offer one.  In reaching this conclusion, the state court noted that: (1) the plea agreement Turbi submitted to the state habeas court was dated by the Assistant State Attorney as October 5, 2015, while Turbi's jury trial was held on January 7, 2014, and he was sentenced on March 13, 2014; and (2) the prosecutor stated at the sentencing hearing "[a]nd I would just like to put on the record an offer was never made in this case."

Turbi has not shown by clear and convincing evidence that the state court's decision was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d)(2), (e)(1).  The record reflects that: (1) the plea form that Turbi attached to his Rule 3.850 motion was provided to him by the state attorney's office, not his defense counsel; (2) the form was dated a year after Turbi's trial and sentencing, which suggests that the date was entered when the state provided the document to Turbi; and (3) at sentencing, the prosecutor stated that a plea offer was never made, and, notably, defense counsel did not object to this statement.  Because the record indicates, at most, that the state had contemplated giving a plea offer to Turbi, but never formally extended it to him, the state court's determination that the

5

prosecuting attorney did not extend a plea deal to Turbi's defense counsel was a reasonable one.

Turbi attached a different copy of the plea agreement -- one that he obtained from his defense counsel -- in a later Rule 3.580 motion he submitted to the state court, but still, that document does not render the state court's decision unreasonable. For starters, we cannot consider the document because we cannot consider evidence that was not before the state court in Turbi's original Rule 3.850 proceedings. Davis, 940 F.3d at 1187. But even if we did so, the fact that that his defense counsel had a copy of the contemplated plea agreement does not render the state court's decision unreasonable. Rather, it can reasonably be interpreted to show that counsel took part in the bargaining of an agreement that, ultimately, was not formally extended. This is especially true in light of defense counsel's failure, at sentencing, to object to the prosecutor's statement that a plea offer had never been made. In other words, even if reasonable jurists could disagree about the significance of defense counsel's possession of the plea document, that disagreement is insufficient to overcome the state court's finding that a plea agreement was contemplated, but not extended. See Pittman, 871 F.3d at 1244.

As for Turbi's argument that defense counsel's copy of the plea agreement might have been discovered earlier if the state court in the original Rule 3.850 proceedings had held an evidentiary hearing on the matter, its decision not to do so

6

was a matter of state law, which we may not second-guess.  See Landers, 776 F.3d at 1296; Fla. R. Crim. P. 3.850(f)(5).  Moreover, we cannot say that the state court's fact-finding procedure, based on the pleadings and the trial record, was "so deficient and wholly unreliable as to result in an unreasonable determination of the facts." See Landers, 776 F.3d at 1297.

In short, the state court's finding that the state contemplated, but did not actually extend, a plea offer to Turbi was reasonable in light of the facts before it. Because the state court reasonably found that the state did not extend a plea offer, its conclusion that Turbi's counsel was not ineffective was a reasonable application of Strickland.  As we've said, defense counsel's duty to communicate plea negotiations extends only to formal offers from the prosecution.  See Frye, 566 U.S. at 145.  Because a formal offer was not made, defense counsel did not have a duty to communicate any offer and therefore was not ineffective. See id.  Accordingly, the district court did not err in concluding that the state court reasonably rejected Turbi's claim that counsel was ineffective for failing to relay a plea offer.

**AFFIRMED**.